# CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO.
## v.
## FRANK HALLECK.

1. MOVING OF HOUSE—PERMISSION TO CROSS RAILROAD TRACK—AGENCY.—Plaintiff hired a licensed house mover to move his house, and obtained a permit of the commissioner of public works, as required by law, authorizing the removal of the house in question. Among the conditions of the permit was the following: "No right to move the building along or across any railroad track is given, unless the consent of the officers of any such railroad to occupy the track shall be first obtained." The house mover obtained permission of defendant's ticket agent to cross the track at a certain time, and while the house was being moved over the track, it was run into and damaged by a train of defendant. *Held*, that as the right to cross is expressly withheld unless preceded by the consent of the "officers" of the defendant corporation, and as a mere ticket agent is in no proper sense an officer of the company, and as the injury was not wanton or willful, the company is not liable.

2. EVIDENCE.—Even if it were conceded that the company could properly delegate such authority to any one but its own officers, which the court does not admit, the point urged that the company had by its acquiescence at other times held out the ticket agent as its agent to express its consent in like cases, is not supported by proof; for there is no evidence in the record that the company either authorized or even knew that the ticket agent had ever given such permission.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed November 16, 1883.

May 8, 1882, appellee's house was being moved westward on

Twenty-sixth street, in the city of Chicago, by one Stevens, a licensed house-mover. Twenty-sixth street is intersected by the railroad tracks of appellant's railroad, and while the house was being moved across the tracks, it was run into and injured about 8:20 in the evening by a northern bound freight train of appellant, and the present action was brought by appellee to recover the damages occasioned thereby.

The original declaration contained seven counts, four in case, alleging that the injury was caused by the negligence of the defendant company, and three counts in trespass *quare clausum.* Subsequently and after one trial had been had, the plaintiff filed by way of amendment as the record states, nine additional counts, all in case, the first, second and ninth of which allege that the injury happened through the negligence and carelessness of the defendant. The other six counts allege that the injury was occasioned by the defendant's willful and wanton neglect of duty, etc.

It appeared in evidence that one W. H. Wood was ticket or station agent at Twenty-second street for the Lake Shore and Michigan Southern, and the Chicago, Rock Island and Pacific railroad companies. Stevens, the house-mover, testified that Wood gave him permission to cross the tracks at any time between 7:30 and 9 o'clock on the evening in question. This was denied by Wood and the telegraph operator, who swear that Stevens was told that he could have from 6:40 to 7:20 if he could get across in that time, but that he was expressly told he could not cross later than 7:30, and if he could not get over by that time, he must wait until the next morning. The evidence tended to show that Stevens on previous occasions had moved buildings across appellant's tracks by permission of Wood.

The plaintiff introduced in evidence the license of Stevens, also the permit from the commissioner of public works, authorizing the removal of the house in question. The permit is made subject to various conditions, among which was the following: "No right to move the building along or across any railroad track is given, unless the consent of the

officers of any such railroad to occupy the track shall first be obtained."

Evidence was also given as to the amount of damages. There was a jury trial resulting in a verdict for the plaintiff with damages assessed at $1,250, for which sum the plaintiff had judgment and the defendant appealed.

Mr. THOS. F. WITHROW and Mr. J. C. HUTCHINS, for appellant; that it was error to refuse the instruction upon the question of the sufficient manning of the train by brakemen, cited Grand Rapids, etc., R'y Co. v. Judson, 34 Mich. 507; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 278; Galena & C. U. R. R. Co. v. Fay, 16 Ill. 558; I. B. & W. R'y Co. v. Toy, 91 Ill. 474; Tuller v. Talbot, 23 Ill. 361; O. & M. R. R. Co. v. Schiebe, 44 Ill. 460; Burkett v. Bond, 12 Ill. 87; Wharton on Negligence, § 639; I. C. R. R. Co. v. Godfrey, 71 Ill. 500; Frizell v. Cole, 42 Ill. 362; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Dickson, 88 Ill. 431; C. & A. R. R. Co. v. Robinson, 106 Ill. 142.

Mr. W. H. RICHARDSON, for appellee; that the verdict was not against the evidence, cited Booth v. Rives, 17 Ill. 175; Green v. Lewis, 13 Ill. 642; Schwarz v. Schwarz, 26 Ill. 81; Hall v. Sroufe, 52 Ill. 421.

As to instructions: Glickauf v. Maurer, 75 Ill. 289; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Lycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14; Bank of Montreal v. Page, 98 Ill. 109; Hopkins v. Ind. L. R. R. Co. 78 Ill. 32.

WILSON, J.   It is only necessary to consider a single question presented by the record in the present case.

Section sixty-three of article five of the city charter confers upon the common council the power to regulate the use of streets, to prevent obstructions upon the same, and to pass all ordinances, rules, and make all regulations proper or necessary to carry into effect the powers granted. By article one of chapter four of the revised ordinances of the city, a department of public works is established, including a commissioner of

public works, to whom is committed the power to regulate and control the manner of using the streets, alleys, highways and public places of the city. By another ordinance it is provided that no person but a licensed house-mover shall remove any bu. ding within the limits of the city, and he is required to obtain a license therefor from the mayor of the city, and give a bond with conditions as required by the ordinance. Section 1109 provides that * * * " the said licensed persons shall in each and every instance, before removing any building obtain a permit to do so from the commissioner of public works, and pay to said commissioner a fee of five dollars, whereupon said commissioner shall issue a permit, stating specifically all the conditions prescribing the route to be taken" etc.

The plaintiff on the trial introduced the mayor's license to Stevens, also the permit of the commissioner of public works, authorizing the removal of the house in question. Among other conditions, and the only one necessary to be referred to, was the fo..owing: " No right to move the building along or across any railroad track is given, unless the consent of the officers of any such railroad to occupy the track shall be first obtained." Compliance with this condition was an indispensable prerequisite to the right to cross the defendant's railroad tracks. The right to cross is expressly withheld unless preceded by the consent of the " officers " of the defendant corporation. The insertion of a condition in the permit requiring the consent of the officers of the company, rather than that of a mere ticket agent or other subaltern, was but an act of wise and prudent forethought, for the protection of human life and property. In a large city like Chicago, penetrated to its very center by great lines of railroads, over which trains are constantly passing day and night, the discretion to permit so cumbersome and dangerous an obstruction as a building to cross its tracks, should properly be vested only in those who direct the movements of the company's trains, and know, or have the means of knowing the exact location of every train at all times, and who also have the requisite authority to hold or move them at their will. A mere ticket agent is in no

proper sense an officer of the company. Regulating the movement of trains is foreign to the duties of his employment. It might as well be claimed that a flagman, a track layer, or any other mere employe of the company, could bind the company by their consent in such cases. The commissioner was careful to specify in the permit the class of persons whose consent to the crossing of the track was to be obtained, and Stevens was thus notified to whom it was necessary to apply.

It is urged, however, that Stevens had on previous occasions moved buildings across appellant's tracks, by the consent alone of Wood, and that the company had, by its acquiescence, held him out as their agent, to express its consent in like cases. If it were conceded that the company cou'd properly delegate such authority to any one but its own officers, or could constitute a ticket agent an officer for such purpose, which, however, we are by no means prepared to admit, it is enough to say that there is no evidence in the record that the company either authorized or even knew that Wood had given permission to Stevens or to any person to move buildings. The proof, and the only proof on that subject, is that Stevens had frequently moved buildings across appellant's tracks by the consent of Wood. It thus appears that Stevens moved the building in question onto the track without any right so to do, and in violation of the express terms of his permit from the commissioner of public works. Being there in his own wrong, the plaintiff for whom he was acting can not recover, unless the injury inflicted was malicious or willful. This, under the evidence, there is no ground for claiming.

It may be added as a corollary to what has been said, that the plaintiff's first instruction was improper as not being based on evidence. The instruction was in substance, that if the defendant permitted Wood to hold himself out to the public as having authority to grant permits to people to move buildings across defendant's tracks, and that Stevens knew that Wood was thus held out by the defendant as having such authority, and believed that Wood did have such authority, and acted upon it, the defendant was bound by such permit

of Wood, whether he was specially authorized to grant it or not.

For the reasons stated, the judgment is reversed and the cause remanded to the court below